# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Larry Lamont Phillips, ) | C/A No.: 1:12-438-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Warden Bernard McKie, official and ) | |
| individual capacity; Dr. Allan C. Walls, ) | REPORT AND RECOMMENDATION |
| MD, official and individual ) | |
| capacity; Officer Timothy Smith, official ) | |
| and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Larry Lamont Phillips ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Evans Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss defendant Warden Bernard McKie from this action, without prejudice and without issuance and service of process. In a separately docketed order, the undersigned has authorized service against defendants Allan C. Walls, M.D. and Office Timothy Smith.

I.   Factual and Procedural Background

Plaintiff alleges that on May 23, 2008, he was a new inmate at the Kirkland Reception and Evaluation Center. [Entry # 1 at 3]. Plaintiff, who states that he is a paraplegic with no feeling below the waist, was allegedly directed to his first shower at the facility by defendant Smith. *Id.* Plaintiff claims that a temperature change in the water resulted in scalding and blistering of various parts of his body. *Id.* The complaint names defendant Dr. Walls for allegedly sending Plaintiff back to his dorm after the incident, rather than to a hospital for treatment. *Id.* Plaintiff claims that he was hospitalized, admitted to a burn center, and diagnosed with second and third degree burns on May 29, 2008. *Id.* Plaintiff alleges that the delay in hospitalization caused his wounds to become infected and that he has undergone several surgeries. *Id.* Plaintiff states that he continues to suffer from permanent scarring, disfigurement, and pain. *Id.* No facts are alleged against defendant McKie. Plaintiff seeks monetary damages against the defendants. *Id.* at 4.

II.  Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C.

§ 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge*

*v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Howard v. Childs*, No. 3:11-3418-JFA-SVH, 2012 WL 527596, at *4 (D.S.C. Jan. 19, 2012); *Singleton v. Alvin S. Glenn Detention Ctr.*, No. 1:11-2299-RMG-SVH, 2011 WL 5150076, at *3 (D.S.C. Oct. 4, 2011).

As an initial matter, the complaint provides no facts to show that defendant McKie was personally involved in Plaintiff's May 2008 injury or the alleged denial of medical care thereafter. Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). This court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts against defendant McKie that support a claim for relief. *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Further, when construed as a claim for supervisory liability, defendant McKie is also entitled to dismissal. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d

791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. The complaint contains no facts against defendant McKie to demonstrate that he was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Therefore, the complaint fails to state a claim against defendant McKie upon which relief may be granted under § 1983.

III.   Conclusion

For the foregoing reasons, it is recommended that defendant Warden Bernard McKie be dismissed from this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 11, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).