IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Lamont Phillips, | ) | C/A No.: 1:12-438-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Warden Bernard McKie, official and | ) | |
| individual capacity; Dr. Allan C. Walls, | ) | |
| official and individual capacity; | ) | |
| Officer Timothy Smith, official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Orders issued on March 1, 2012, and March 14, 2012, provided Plaintiff a specific time frame in which to bring this case into proper form. [Entry #11, #15]. Plaintiff complied with the court's orders, bringing this case into proper form for initial review. However, Plaintiff's original complaint failed to state a cognizable claim against defendant Warden Bernard McKie. Therefore, the undersigned issued a Report and Recommendation on April 11, 2012, recommending that defendant McKie be summarily dismissed from this action. [Entry # 26]. An order, authorizing service of process on the remaining defendants, Dr. Allan C. Walls and Officer Timothy Smith, also issued on that date. [Entry # 25].

On April 17, 2012, Plaintiff filed an amended complaint against the defendants. [Entry # 31]. To preserve issues raised in this case and give liberal construction to the pleadings, the Clerk of Court appended the original complaint as an attachment to the amended complaint. [Entry # 31-2]. The amended pleading alleges additional facts against defendant McKie, which are sufficient to withstand summary dismissal. Therefore, the Clerk of Court is directed below to vacate the order [Entry #25] and Report and Recommendation [Entry #26] issued on April 11, 2012.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). **The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010)("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to vacate the order and Report and Recommendation issued on April 11, 2012. [Entry #25, #26]. The Clerk of Court is further directed to issue the summonses, and to forward a copy of the amended complaint, with the attached original complaint form [Entry #31, #31-2], and the Forms USM-285 to the Marshal for service upon the defendants. *A copy of this order must be provided to the United States Marshal.*

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the amended complaint, with the attached original complaint, on defendants. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).

If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANTS**:

Defendants are directed to file an answer to the amended complaint or otherwise plead.

2

**TO PLAINTIFF**:

Plaintiff **must** provide, and is responsible for, information sufficient to identify defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to this case.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to the Defendants' attorney making an appearance in this court, Plaintiff must serve the Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

IT IS SO ORDERED.

April 30, 2012                               Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge