IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Lamont Phillips, | ) | C/A No.: 1:12-438-CMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden Bernard McKie; Dr. Allan C. Walls; and Officer Timothy Smith, all in their official and individual capacities, | ) | |
| Defendants. | ) | |

Larry Lamont Phillips ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Kirkland Reception and Evaluation Center ("KREC"), a correctional institution of the South Carolina Department of Corrections ("SCDC"). He names as defendants the warden of KREC, Bernard McKie, Dr. Allan C. Walls, and correctional officer Timothy Smith ("Defendants") in their individual and official capacities. This matter is before the court on Defendants' Motion to Dismiss. [Entry #40]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff brought the instant action on February 16, 2012 [Entry #1] and submitted an amended verified complaint[1] on April 17, 2012 [Entry #31]. According to the amended complaint, Plaintiff is a paraplegic with no feeling below the waist. [Entry #31 at 2]. Plaintiff alleges defendant Smith took him to shower at KREC on May 23, 2008. *Id*. Plaintiff claims that the temperature of the water was so high during this shower that he suffered second and third degree burns. *Id*. Plaintiff alleges that rather than sending him to the hospital, defendant Walls sent him back to the dorm afterward, but that he was admitted to the Augusta Burn Center on May 29, 2008. *Id*. Plaintiff claims that he had had several surgeries and continues to suffer from permanent scarring, disfigurement, and pain. *Id*.

Defendants filed their motion to dismiss on June 4, 2012 arguing that Plaintiff's claims are time-barred by the applicable statute of limitations. [Entry #40]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #44]. Plaintiff filed a timely response to Defendants' motion on June 15, 2012 and an accompanying affidavit on June 18, 2012. [Entry #47, #49]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion to dismiss.

---

[1] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

II. Discussion

   A. Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

   B. Analysis

Defendants argue that Plaintiff's claims are time-barred, as the alleged incident at issue occurred on May 23, 2008 and this suit was not filed until February 16, 2012. Plaintiff's Amended Complaint sets forth causes of action based on alleged constitutional deprivations that are construed as brought pursuant to 42 U.S.C. § 1983. The Fourth Circuit has held that the applicable statute of limitations for § 1983 claims is the same as

the analogous state statute of limitations. *See Garrett v. Elko*, 120 F.3d 261 (4th Cir. 1997) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Additionally, the United States Supreme Court has held that the applicable statute of limitations for § 1983 claims is the "general or residual statute of limitations governing personal injury actions." *Owens v. Okure*, 488 U.S. 235, 245 (1989). In South Carolina, the general or residual statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law. . . ." S.C. Code Ann. § 15-3-530(5).

Plaintiff also brings a claim of alleged noncompliance with the Americans with Disabilities Act (ADA). The court construes Plaintiff's claim as brought pursuant to Title II of the ADA, 42 U.S.C. § 12101 *et seq*. Title II of the ADA does not contain a statute of limitations, but regulations related thereto require a complaint under Title II against a public entity to be filed within one hundred and eighty days of the alleged discriminatory act. 28 C.F.R. § 35.170(b); s*ee, e.g.*, *Vandeusen v. Adam*, C/A No. 3:06-1092-MBS-JRM, 2007 WL 2891502, *4 (D.S.C. 2007).

Defendants' motion also notes that Plaintiff has previously litigated a case in the Court of Common Pleas for Richland County against the SCDC based upon the same allegations raised in the instant case. *See* Entry #40, n. 2; *see also Larry Lamont Phillips v. South Carolina Department of Corrections*, Case No. 2010-CP-40-3068. According to Defendants, the jury in that case returned a verdict in favor of SCDC, although Plaintiff,

by and through his counsel, filed a Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial, on December 27, 2011.[2] *Id.*

Plaintiff argues that the statute of limitations in this case has been tolled while he exhausted his state remedies. [Entry #47]. Specifically, Plaintiff appears to argue that the statute of limitations for his federal claims was tolled while he brought a state law action. *Id*. In the alternative, Plaintiff claims a six-year statute of limitations applies for medical treatment, and that the "torture victim protection act . . . has a 10 year statute of limitations." *Id*. at 2. However, Plaintiff fails to provide citations or legal support indicating that these statutes of limitation apply to him in the instant action.

Here, Plaintiff's claims are barred by the applicable three-year residual statute of limitations and the 180-day limitations period for complaints against public entities under Title II of the ADA. Plaintiff appears to argue that the statute of limitations should be tolled while he exhausted the required administrative remedies. However, Plaintiff was not required to bring an action in state court to exhaust his administrative remedies. Therefore, Plaintiff is not entitled to have the limitations period equitably tolled while he chose to litigate in state court.

In addition, although Plaintiff indicates in his amended complaint that he filed an administrative remedy with the prison in 2008 to which he never received a response, he

---

[2] Defendants note in their motion that as of June 4, 2012, the state court had not ruled on Plaintiff's motions. [Entry #40, n. 2]. The public index case search reports that the South Carolina Court of Appeals entered an order of dismissal and remittitur on March 26, 2012. *See* Richland County Public Index Search for Larry Phillips http://www4.rcgov.us/publicindex/PICaseDetails.aspx?County=40+&Casenum=2010CP4003068&CourtType=G&CaseType=Civil&CourtAgency=40002&LastName=Phillips&FirstName=Larry (last visited August 22, 2012).

makes no argument that this tolled the statute of limitations. He does not provide a date his administrative remedy was allegedly filed or a copy of the same. Even if Plaintiff had timely filed a prison grievance within the 15-day deadline set by the SCDC, Plaintiff was entitled to file an appeal when he did not receive a response from the prison after the 40-day deadline. *See* SCDC's Inmate Grievance Procedure GA-01.12.[3] Here, Plaintiff filed no appeal within the prison grievance system, and instead filed a lawsuit in 2010 in state court. [Entry #31-2 at 2]. Therefore, Plaintiff is not entitled to equitable tolling in this matter and it is recommended Defendants' motion to dismiss be granted.

III. Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [Entry #40] be granted. If the district judge accepts this recommendation, Plaintiff's motion to amend [Entry #51], which simply seeks to add additional allegations regarding the same incident, and Plaintiff's motion to amend the scheduling order [Entry #60] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 22, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] This court can take judicial notice from previous cases filed in this court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and the Warden should respond to the grievant within 40 days. *See, e.g., Branton v. Ozmint*, No. 08–2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); *Jenkins v. South Carolina Dept. of Corrections*, No. 05–2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).