IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Larry Lamont Phillips, ) | C/A NO. 1:12-438-CMC-SVH |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Warden Bernard McKie; Dr. Allan C. Walls; ) and Officer Timothy Smith, all in their ) official and individual capacities, ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 43 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 22, 2012, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss be granted and this matter be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a motion for extension of time and Objections to the Report on September 7, 2012

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff argues that his case is not barred by the applicable statute of limitation because it is brought under the Torture Victim Protection Act of 1991 (TVPA). This contention is without merit, as the TVPA "authorizes a cause of action against an individual for acts of torture and extrajudicial killing committed under authority or color of law of any foreign nation." *Mohamad v. Palestinian Authority*, 566 U.S. __, 132 S. Ct. 1702, 1705 (2012) (internal quotation omitted).

Accordingly, Defendant's motion to dismiss (ECF No. 40) is **granted**. Plaintiff's motions to amend pleadings, amend scheduling order, and motion for extension of time are dismissed as moot.

**IT IS SO ORDERED.**

                                                     s/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 10, 2012